UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Rickie Hill, | Case No. 2:20-cv-01655-KJD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Harper, | |
| Defendant. | |

Before the Court are

- Plaintiff's motion to remove Senior Deputy Attorney General Douglas Rands and staff members of the Office of the Attorney General: R. Bibee and C. Fondi. (ECF No. 8).
- Plaintiff's second motion to remove Rands, Bibee, and Fondi (ECF No. 11).
- Plaintiff's motion for appointment of counsel (ECF No. 12).
- Plaintiff's motion to include an exhibit to his motion to appoint counsel (ECF No. 13).
- Plaintiff's "motion of inquiry" (ECF No. 15).
- Plaintiff's motion for a pre-discovery early settlement conference (ECF No. 21)

The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

Plaintiff—NDOC Inmate # 87052—is a frequent litigator in this Court. In the instant suit, Plaintiff sues a corrections officer, Defendant "Harper" for not wearing a mask in the presence of inmates. (ECF No. 1-1). After Rands appeared on Defendant's behalf, Plaintiff filed a "motion to replace SDAG D. Rands, C. Fondi, and R. Bibee," claiming that "there's no chance of me and him ever working to resolve stuff! And C. Fondi & R. Bibee must too go as they have been indoctrinated…" (ECF No. 8). Rand responded on Defendant's behalf, opposing Plaintiff's

motion and adding that "CO Harper has never worked at HDSP. This will be the subject of a subsequent motion." (ECF No. 9). Plaintiff then reasserted his motion to remove Rands, Fondi, and Bibee, claiming that Rands' statement that "CO Harper has never worked at HDSP" is a lie. (ECF No. 11). Plaintiff adds that he plans on "taking every case to trial with no less than (300) filings just to show [Rands] how to listen to reason…" (ECF No. 11).

A few days later, Plaintiff moved for appointment of counsel, claiming that the matters in his case are too complex for his comprehension and abilities. (ECF No. 12). At the end of his motion, Plaintiff adds a threat. (*Id.*). He claims that, if the Court does not appoint counsel, he "will make good with his promise if Rands remains on any case to file at least (300) one pg. to 3 pg. motions to spite him so he can reply to them with 3 to 13 page responses." (*Id.*). Plaintiff also moved to add an exhibit to his motion for appointment of counsel. (ECF No. 13). The exhibit—which Plaintiff appears to claim proves that Rands lied about Harper—is a motion that Plaintiff filed on behalf of another inmate in the other inmate's case against Harper. (*Id.*). Plaintiff then filed a "motion of inquiry," asking the Court to order Rands to send Plaintiff a copy of Rands' response to ECF No. 11. (ECF No. 15).

After an unsuccessful early inmate mediation conference, Plaintiff filed a motion for a "pre-discovery early settlement conference." (ECF No. 21). Displeased with the outcome of the first mediation, Plaintiff asks for another. (*Id.*). Plaintiff adds that he believes this Court is responsible for "the lack of any type of offers by the AG's office…" (*Id.*).

**II.     Discussion.**

*A.     The Court denies Plaintiff's motions to replace Rands, Fondi, and Bibee.*

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Russell Road Food and Beverage, LLC v. Galam*, No. 2:13-cv-0776-JCM-NJK, 2014 WL 3845424, at *1 (D. Nev. July 31, 2014) (quoting *Switch Comm's Grp. v. Ballard*, No. 2:11-cv-00285-KJD-GWF, 2011 WL 3859725, at *2 (D. Nev. Aug. 31, 2011). Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage. *See id.* "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,*

*Ltd.*, 760 F.2d 1045, 1050 (9th Cir.1985) (internal quotations and citations omitted). The party seeking disqualification bears the burden of proof. *See, e.g.*, *Takiguchi v. MRI Int'l, Inc.*, No, 2:13-cv-1183-JAD-VCF, 2014 WL 3105068, *4 (D. Nev. July 7, 2014). "A motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate on which the motion depends." *Colyer v. Smith*, 50 F.Supp.2d 966, 967 (C.D.Cal.1999).

Here, the Court denies Plaintiff's motions to disqualify counsel. In his first motion, Plaintiff provides no reason—other than his belief that he cannot work with Rands—to disqualify Rands, Fondi, or Bibee. (ECF No. 8). Plaintiff also fails to provide any evidence to carry his burden of proof. In his second motion, Plaintiff asserts that Rands, Fondi, and Bibee must be disqualified because Rands "lied when he stated Harper never worked at (HDSP)." (ECF No. 11). Again, Plaintiff provides no evidence to support this statement. While Plaintiff appears to assert that the motion that he drafted on behalf of another inmate in a case involving Harper is proof that Rands lied about Harper working at HDSP, this is not sufficient evidence to prove that fact. Nor is it sufficient to overcome the disfavor with which courts scrutinize motions to disqualify. Finally, Plaintiff makes no connection between either of his motions to disqualify and Fondi or Bibee. The Court thus denies Plaintiff's motions to disqualify.

  **B.**  ***The Court denies Plaintiff's motion for appointment of counsel.***

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion under to 28 U.S.C. § 1915(e)(1, to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). These instances are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding *pro se* do not qualify as exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any *pro se* litigant "would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d

1520, 1525 (9th Cir. 1997) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331).  Neither of these factors is dispositive and both must be viewed together.  *Wilborn*, 789 F.2d at 1331.

Here, the Court does not find any exceptional circumstances.  Upon review of Plaintiff's complaint and supporting documents—including his exhibit (ECF No. 13)—it is not clear that Plaintiff's claims are likely to succeed on the merits.  Further, the claims, such as they are, are not complex.  The Court will therefore deny the motion.

### C.     The Court grants Plaintiff's motion to include an exhibit.

Plaintiff requests the Court's leave to include an exhibit to his motion for appointment of counsel which Plaintiff appears to assert was inadvertently not included.  Defendant did not object to Plaintiff's motion.  The Court thus grants the motion in part, only to the extent it requests that the Court consider the exhibit in conjunction with the motion for appointment of counsel.

### D.     The Court denies Plaintiff's "motion of inquiry."

In his "motion of inquiry" Plaintiff appears to ask the Court or Rands to send him a copy of Defendant's response to Plaintiff's second motion to disqualify Rands, Fondi, and Bibee because Plaintiff never received a copy.  Plaintiff never received a copy because Defendant did not respond to Plaintiff's second motion.  The Court thus denies Plaintiff's motion as moot.

### E.     The Court denies Plaintiff's motion for a pre-discovery early settlement conference.

The Court notes that Plaintiff has attended multiple inmate mediations in civil rights cases, including this one, which have been unsuccessful.  (*See, e.g.*, 3:20-cv-00495-MMD-WGC). Judges in this district have vacated mediations considering this.  (*See, e.g.*, 2:20-cv-01822-RFB-VCF, 2:20-cv-01686-JAD-DJA).  The parties are free to privately discuss settlement if they so

choose but are not required to do so.  The Court thus denies Plaintiff's renewed request for a settlement conference here.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to remove Rands, Fondi, and Bibee (ECF Nos. 8 and 11) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 12) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to include an exhibit to his motion to appoint counsel (ECF No. 13) is **granted in part** only to the extent Plaintiff requests that the Court consider the exhibit in conjunction with the motion for appointment of counsel.

**IT IS FURTHER ORDERED** that Plaintiff's "motion of inquiry" (ECF No. 15) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a pre-discovery early settlement conference (ECF No. 21) is **denied**.

DATED: December 2, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE